```
 1  LAWRENCE G. BROWN
    Acting United States Attorney
 2  SARALYN M. ANG-OLSON, SBN 197404
    Special Assistant United States Attorney
 3  501 I Street, Suite 10-100
    Sacramento, CA 95814
 4  Telephone: (916)554-2700

 5  Attorneys for Plaintiff
    United States of America
 6

 7

 8               IN THE UNITED STATES DISTRICT COURT

 9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,       ) 2:09-CV-000182-GEB-KJM
                                    )
12          Plaintiff,              ) JOINT STATUS REPORT,
                                    ) REQUEST FOR STAY AND
13      v.                          ) PROPOSED ORDER
                                    )
14  APPROXIMATELY $18,220.00 IN U.S.)
    CURRENCY,                       )
15                                  )
            Defendant.              )
16  _____)
```

17      Plaintiff, United States of America, by and through its

18 undersigned attorney, and claimant herein Manh Saechao, by and

19 through her attorney, Danny D. Brace, Jr., (collectively, the

20 "Parties") submit the following Joint Status Report, Request for

21 Stay and Proposed Order pursuant to the Order Setting Status

22 (Pretrial Scheduling) Conference filed by the Court in this

23 action on February 13, 2009.

24 **a)    Status of service of process on parties not yet served:**

25      All known potential claimants have been served with the

26 Complaint for Forfeiture In Rem, Notice of Complaint, Application

27 and Order for Publication, and Court Notices.  Accordingly,

28 service is complete.  On March 15, 2009, Manh Saechao ("Claimant"

or "Saechao") filed a Claim to the defendant property and an Answer to the Complaint for Forfeiture In Rem. On March 26, 2009, the clerk's entry of default was filed as to Juan Gabriel Alvarez and Victor Alvarez. On May 6, 2009, Saechao filed an Amended Claim.

In addition, notice of the forfeiture was published for 30 consecutive days on the official government Internet site (www.forfeiture.gov) commencing on January 26, 2009, in accordance with the Court's Order for Publication, as filed on January 23, 2009. Proof of Publication has been filed with the Court.

**b)  Possible joinder of additional parties**:

None anticipated at this time.

**c)  Anticipated amendment of pleadings**:

None anticipated at this time.

**d)  The basis for jurisdiction and venue**:

The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1345 and 28 U.S.C. §1355. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b), 28 U.S.C. § 1395(b), and 21 U.S.C. § 881(j).

**e)  Anticipated motions with suggested dates**:

The United States intends to propound special interrogatories pursuant to Supplemental Rule G of the Federal Rules of Civil Procedure ("Supplemental Rule G"). Under Supplemental Rule G(6), the government may serve special interrogatories limited to the claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is

closed. See Supplemental Rule G(6)(a).

**f)   Anticipated and outstanding discovery:**

The Parties request that this case not be scheduled at this time because they are requesting a stay of further proceedings for six months except to the extent of special interrogatories served by the United States on Saechao on May 14, 2009, pursuant to Supplemental Rule G for the sole purpose of determining Saechao's standing in the action.

**g)   A written report outlining the proposed discovery plan required by Federal Rule of Civil Procedure 26(f). The discovery plan shall indicate the parties' views and proposals concerning:**

   **(1)   what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under subdivision (a)(1) were made or will be made;**

   **(2)   the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues; and**

   **(3)   what changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules, and what other limitations should be imposed.**

As of the December 1, 2006, amendments to Rule 26 of the Federal Rules of Civil Procedure, civil forfeiture actions are now exempt from the initial disclosure requirements applicable to most other civil actions. See Fed. R. Civ. P. 26(a)(1)(E)(ii).

Rather than fully schedule this case at this time, the Parties jointly request a six-month stay of further proceedings in this matter, subject to the right of the United States to propound special interrogatories pursuant to Supplemental Rule

G(6) and to move to strike Saechao's claim in the event that the United States determines that Saechao lacks standing in this action.

The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) and 21 U.S.C. § 881(i). The United States contends that the defendant property constitutes moneys or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical and/or is the proceeds traceable to such an exchange in violation of 21 U.S.C. § 841 *et seq.* The United States intends to depose Saechao about the claim she filed in this case; her involvement in and/or knowledge of drug-trafficking; the source of the funds seized; and other facts as alleged in the complaint. Saechao will attempt to depose law enforcement officers who have been involved in the drug-trafficking investigation that resulted in the seizure of the defendant property and that is the basis of two pending, related criminal cases against Juan Gabriel Alvarez (<u>U.S. v. Reyes</u>, Case No. 2:08-cr-00392-GEB and <u>U.S. v. Aguilar-Godinez</u>, Case No. 2:08-cr-00570-GEB). Allowing the depositions of the officers would adversely affect the ability of the United States to investigate the underlying criminal conduct against Juan Gabriel Alvarez.

Accordingly, the Parties agree that proceeding with this action at this time, except to the extent of establishing Saechao's standing through special interrogatories propounded by the United States, has potential adverse effects on the prosecution of the related criminal cases and/or upon Saechao's ability to prove her claim to the property and/or assert any

defenses to forfeiture.  For these reasons, the Parties jointly request that this matter be stayed for six months.  At that time, the Parties will advise the Court whether a further stay is necessary.

**h) Scheduling of future proceedings, including suggested timing of the disclosures of expert witnesses and information required by Rule 26(a)(2), completion dates for discovery and law and motion, and dates for final pretrial conference and trial:**

In light of the requested stay, the parties ask that the case not be scheduled at this time.

**i) Estimate of trial time:**

Not more than three days.

**j) Appropriateness of special procedures such as reference to a special master or agreement to try the matter before a magistrate judge pursuant to 28 U.S.C. § 636(c):**

Not applicable.

**k) Modification of standard pretrial procedures because of the simplicity or complexity of the case:**

Not applicable.

**l) Whether the case is related to any other case on file in this district, including the bankruptcy courts of this district:**

The facts of the instant action are related to the following pending criminal cases and involve Juan Gabriel Alvarez, defendant therein:

U.S. v. Reyes, Case No. 2:08-cr-00392-GEB

U.S. v. Aguilar-Godinez, Case No. 2:08-cr-00570-GEB

//
//
//

**m) Prospects for settlement, including whether a settlement conference should be scheduled and whether the parties will stipulate to the trial judge acting as settlement judge**:

The Parties are unable to assess the likelihood of settlement at this time.

**n) Any other matter that may be conducive to the just and expeditious disposition of the case**:

None.

```
                                LAWRENCE G. BROWN
                                Acting United States Attorney


Dated: May 18, 2009      By:   /s/ Saralyn M. Ang-Olson
                                SARALYN M. ANG-OLSON
                                Special Assistant U.S. Attorney



Dated: May 18, 2009      By:   /s/ Danny D. Brace, Jr.
                                DANNY D. BRACE, JR.
                                Attorney for claimant
                                Manh Saechao
```

**ORDER**

For the reasons set forth above, except as noted above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2), and 21 U.S.C. § 881(i) for six months. On or before November 20, 2009, the parties will advise the Court whether a further stay is necessary.

The scheduling conference scheduled for June 1, 2009 is rescheduled for December 14, 2009, at 9:00 a.m. A joint status report is to be filed fourteen days prior to the hearing.

Dated: May 22, 2009

GARLAND E. BURRELL, JR.
United States District Judge