BENJAMIN B. WAGNER
United States Attorney
SARALYN M. ANG-OLSON, SBN 197404
Special Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:09-CV-000182-GEB-KJM |
| Plaintiff, | JOINT STATUS REPORT, REQUEST FOR FURTHER STAY, AND PROPOSED ORDER |
| v. | |
| APPROXIMATELY $18,220.00 IN U.S. CURRENCY, | |
| Defendant. | |

Plaintiff, United States of America, by and through its undersigned attorney, and claimant herein Manh Saechao, by and through her attorney, Danny D. Brace, Jr., (collectively, the "Parties") submit the following Joint Status Report, Request for Further Stay, and Proposed Order, pursuant to the Order filed by the Court in this action on November 25, 2009.

**a)   Status of service of process on parties not yet served**:

All known potential claimants have been served with the Complaint for Forfeiture <u>In</u> <u>Rem</u>, Notice of Complaint, Application and Order for Publication, and Court Notices. Accordingly, service is complete. On March 15, 2009, Manh Saechao ("Claimant" or "Saechao") filed a Claim to the defendant property and an

1 Answer to the Complaint for Forfeiture In Rem.  On March 26,
2 2009, the clerk's entry of default was filed as to Juan Gabriel
3 Alvarez and Victor Alvarez.  On May 6, 2009, Saechao filed an
4 Amended Claim.
5      In addition, notice of the forfeiture was published for 30
6 consecutive days on the official government Internet site
7 (www.forfeiture.gov) commencing on January 26, 2009, in
8 accordance with the Court's Order for Publication, as filed on
9 January 23, 2009.  Proof of Publication has been filed with the
10 Court.
11 **b)    Possible joinder of additional parties**:
12      None anticipated at this time.
13 **c)    Anticipated amendment of pleadings**:
14      None anticipated at this time.
15 **d)    The basis for jurisdiction and venue**:
16      The Court has jurisdiction in this matter pursuant to 28
17 U.S.C. § 1345 and 28 U.S.C. § 1355.  Venue is proper in this
18 district pursuant to 28 U.S.C. § 1355(b), 28 U.S.C. § 1395(b),
19 and 21 U.S.C. § 881(j).
20 **e)    Anticipated motions with suggested dates**:
21      The Parties request a further stay of this action pending
22 the related criminal prosecution.
23 **f)    Anticipated and outstanding discovery**:
24      The Parties request that this case not be scheduled at this
25 time because they are requesting a further stay of proceedings
26 for six months.
27 //
28 //

**g)  A written report outlining the proposed discovery plan required by Federal Rule of Civil Procedure 26(f).  The discovery plan shall indicate the parties' views and proposals concerning:**

    **(1)  what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under subdivision (a)(1) were made or will be made;**

    **(2)  the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues; and**

    **(3)  what changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules, and what other limitations should be imposed.**

As of the December 1, 2006, amendments to Rule 26 of the Federal Rules of Civil Procedure, civil forfeiture actions are now exempt from the initial disclosure requirements applicable to most other civil actions.  See Fed. R. Civ. P. 26(a)(1)(E)(ii).

Rather than fully schedule this case at this time, the Parties jointly request an additional six-month stay of further proceedings in this matter.  The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) and 21 U.S.C. § 881(i).  The United States contends that the defendant property constitutes moneys or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical and/or is the proceeds traceable to such an exchange in violation of 21 U.S.C. § 841 et seq.  The United States intends to depose Saechao about the claim she filed in this case; her involvement in and/or knowledge of drug-trafficking; the source of the funds seized; and other facts as alleged in the complaint.

1  Saechao will attempt to depose law enforcement officers who have
2  been involved in the drug-trafficking investigation that resulted
3  in the seizure of the defendant property and that is the basis of
4  two pending, related criminal cases against Juan Gabriel Alvarez
5  (U.S. v. Reyes, Case No. 2:08-cr-00392-GEB and U.S. v. Aguilar-
6  Godinez, Case No. 2:08-cr-00570-GEB).  Allowing the depositions
7  of the officers would adversely affect the ability of the United
8  States to investigate the underlying criminal conduct against
9  Juan Gabriel Alvarez.
10      Accordingly, the Parties agree that proceeding with this
11 action at this time has potential adverse effects on the
12 prosecution of the related criminal cases and/or upon Saechao's
13 ability to prove her claim to the property and/or assert any
14 defenses to forfeiture.  For these reasons, the Parties jointly
15 request that this matter be stayed for an additional six months.
16 At that time, the Parties will advise the Court whether a further
17 stay is necessary.
18 **h)  Scheduling of future proceedings, including suggested timing of the disclosures of expert witnesses and information**
19 **required by Rule 26(a)(2), completion dates for discovery and law and motion, and dates for final pretrial conference**
20 **and trial:**
21      In light of the requested stay, the parties ask that the
22 case not be scheduled at this time.
23 **i)  Estimate of trial time:**
24      Not more than three days.
25 **j)  Appropriateness of special procedures such as reference to a special master or agreement to try the matter before a**
26 **magistrate judge pursuant to 28 U.S.C. § 636(c):**
27      Not applicable.
28 //

**k)  Modification of standard pretrial procedures because of the simplicity or complexity of the case**:

Not applicable.

**l)  Whether the case is related to any other case on file in this district, including the bankruptcy courts of this district:**

The facts of the instant action are related to the following pending criminal cases and involve Juan Gabriel Alvarez, defendant therein:

<u>U.S. v. Reyes</u>, Case No. 2:08-cr-00392-GEB

<u>U.S. v. Aguilar-Godinez</u>, Case No. 2:08-cr-00570-GEB

**m)  Prospects for settlement, including whether a settlement conference should be scheduled and whether the parties will stipulate to the trial judge acting as settlement judge:**

The Parties are unable to assess the likelihood of settlement at this time.

**n)  Any other matter that may be conducive to the just and expeditious disposition of the case:**

None.

```
                                    BENJAMIN B. WAGNER
                                    United States Attorney


Dated: May 20, 2010       By:    /s/ Saralyn M. Ang-Olson
                                 SARALYN M. ANG-OLSON
                                 Special Assistant U.S. Attorney


Dated: May 20, 2010       By:    /s/ Danny D. Brace, Jr.
                                 DANNY D. BRACE, JR.
                                 Attorney for claimant
                                 Manh Saechao
```

//

//

1 **ORDER**

2 For the reasons set forth above, except as noted above, this
3 matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2),
4 and 21 U.S.C. § 881(i) for an additional six months.  On or
5 before November 20, 2010, the parties will advise the Court
6 whether a further stay is necessary. The pretrial scheduling
7 conference, currently set for June 14, 2010, is rescheduled for
8 December 13, 2010, at 9:00 a.m.  A joint status report is to be
9 filed fourteen days prior to the hearing.

10 **IT IS SO ORDERED.**

11 Dated:  June 8, 2010

GARLAND E. BURRELL, JR.
United States District Judge